IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,105






EX PARTE ROBERT HOLLEMAN, JR., Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2002-400,231-A IN THE 364
TH JUDICIAL DISTRICT COURT


LUBBOCK COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Texas Code of Criminal Procedure article 11.07, § 3, et seq. Applicant
was convicted of the felony offense of possession with intent to deliver, and punishment
was assessed at life in prison. No direct appeal was taken.

 Applicant contends that he was denied his right to appeal because his attorney did
not timely file a notice of appeal. The trial court entered findings of fact and conclusions
of law recommending that Applicant be granted an out-of-time appeal. We agree. Texas
Code of Criminal Procedure article 26.04(j)(2) requires appointed counsel to "represent
the defendant until charges are dismissed, the defendant is acquitted, appeals are
exhausted, or the attorney is relieved of his duties or replaced by other counsel." The
duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to
appeal, counsel had the duty to timely file a motion for new trial or give timely notice of
appeal, unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal
from his conviction in cause number 2002-400,231-A from the 364th District Court of
Lubbock County. The proper remedy in a case such as this is to return Applicant to the
point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been entered on the
day that the mandate of this Court issues. We hold that Applicant, should he desire to
prosecute an appeal, must take affirmative steps to see that notice of appeal is given
within thirty days after the mandate of this Court has issued.

DO NOT PUBLISH

DELIVERED: March 9, 2005